CASE 79.—ACTION BETWEEN THE NICHOLSON COAL MINING COMPANY, AND GEORGE MOULDEN.—June 10, 1910.

## Nicholson Coal Mining Co. v. Moulden.

Heard by Court of Appeals on motion to withdraw bill of exceptions.—Motion overruled.

Appeal and Error—Withdrawal of Bill of Exceptions—Correction Below.—Motion of appellee to withdraw the bill of exceptions, for purposes of correction in the court below, will be denied, where it was alleged by appellee that, in carrying out an agreement as to a portion of the law to be copied into the transcript, the stenographer copied parts of the law not read by the witness, and the correctness of this is not admitted by appellant, and the affidavit of the trial judge filed in support of the motion shows that he has no independent recollection of what was read, and neither has the stenographer.

SAMPSON & SAMPSON for appellant.

CHAS. I. DAWSON, GREENE, VANWINKLE & SCHOOLFIELD and ISHAM G. LEABOW for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—
Overruling motion.

This case comes out on the motion of appellee to
withdraw the bill of exceptions for the purpose of
correction in the court below.   There were certain
portions of the mining laws of Tennessee read to
the jury by a witness, who was put on the stand for
the purpose of proving the laws of that state.   It
appears to have been agreed that the stenographer
need not write in shorthand so much of the law as
was read to the jury by the witness, but might after-
wards copy what had been read into the transcript.
It is now claimed that, in undertaking to carry out
this agreement, the stenographer copied parts of the
law not read by the witness.   The correctness of this
is not admitted by the appellant, and the affidavit
of the trial judge, filed in support of the motion,
shows that he has no independent  recollection of
what was read; neither has the stenographer.

We cannot give our consent to the proposition that
appellee may now withdraw the bill of exceptions for
the purpose, in part, at least, of making a new bill.
If the matter were merely a clerical error, such as a
mistake in copying a part of the record, the motion
would prevail, because the record itself would cor-
rect the error of the clerk or stenographer.   But that
is not the question we have here.   To decide now,
from mere memory, what parts of the book were
read by the witness, would be to make a new bill
of exceptions to that extent.   And if we suppose that
the trial judge would sign such a correction, and
the appellant did not agree to it, then it would be
forced to get up a bystanders' bill to the extent of
the correction.   All of this would take place long

after the time when a bill of exceptions could lawfully be made up by either party. It was the duty of the parties to see that the bill of exceptions was correctly made up before it was signed by the judge. The same reasoning applies to correcting one sentence copied from the book of mining laws read by the witness. It is now claimed the stenographer made a mistake in transcribing his notes, and inserted the word "not" in the sentence where it had no place. To correct this now would simply be to make a correction from the memory of the stenográpher as to whether the word "not" was used by the witness, which, as said before, cannot be done.

For these reasons, the motion to withdraw the bill of exceptions for correction is overruled.